IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LAKSHMI ARUNACHALAM, | § | |
| | § | No. 225, 2018 |
| Defendant, Counter-Claimant, | § | |
| and Third-Party Plaintiff Below, | § | Court Below—Superior Court |
| Appellant, | § | of the State of Delaware |
| | § | |
| v. | § | C.A. No. N14C-12-259 |
| | § | |
| PAZUNIAK LAW OFFICE, LLC | § | |
| AND GEORGE PAZUNIAK, | § | |
| | § | |
| Plaintiffs and Counterclaim | § | |
| Defendants Below, | § | |
| Appellees, and | § | |
| | § | |
| O'KELLY ERNST & JOYCE, LLC, | § | |
| | § | |
| Third-Party Defendant Below, | § | |
| Appellee. | § | |

Submitted: October 19, 2018
Decided: November 29, 2018

Before **VALIHURA, VAUGHN,** and **TRAYNOR**, Justices.

**O R D E R**

After consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) The *pro se* appellant, Dr. Lakshmi Arunachalam, challenges three decisions of the Superior Court: (i) an order dated February 23, 2017; (ii) a final judgment dated March 29, 2018, and (iii) an amended final judgment dated April 17, 2018. After careful review of the parties' briefs and the record on appeal, we dismiss

the appeal because Dr. Arunachalam has not provided necessary transcripts of the Superior Court proceedings, as required by Supreme Court Rule 9(e)(ii).

(2) This case has a complex procedural history, which began in 2014 in the Court of Common Pleas. The case was transferred to the Superior Court on December 31, 2014. In short, Appellees Pazuniak Law Office LLC and George Pazuniak (collectively, "Pazuniak") asserted various claims against Dr. Arunachalam and Pi-Net International, Inc., a corporation that was wholly owned by Dr. Arunachalam. The claims arose out of recoveries obtained under a contingent-fee retainer agreement to which Pazuniak, Pi-Net, and Dr. Arunachalam were parties. Pazuniak sought a declaratory judgment permitting it to distribute funds held in its attorney escrow account in accordance with a proposed distribution that Pi-Net had rejected. Dr. Arunachalam pled counterclaims against Pazuniak and cross-claims against O'Kelly and Ernst LLC, which included claims for defamation and "false light."

(3) No counsel ever appeared for Pi-Net in the action. Instead, Dr. Arunachalam continually attempted to proceed on Pi-Net's behalf, despite warnings from the Court that Pi-Net, as a corporate entity, could only proceed through counsel. In an order dated June 30, 2016, the Superior Court emphasized that Pi-Net could not proceed without counsel and that the Court would not accept pleadings filed on Pi-Net's behalf after that date, unless they were filed by a licensed attorney. In an

2

order dated August 10, 2016, the Superior Court granted Dr. Arunachalam's request for an extension of time to answer the complaint beyond the then-deadline of August 31, 2016, but denied the request to the extent it was made on behalf of Pi-Net, again stating that Pi-Net could not proceed *pro se* or through Dr. Arunachalam.

(4)     Pi-Net did not timely answer the complaint, nor did counsel ever file an answer on Pi-Net's behalf. As a result, in October 2016 Pazuniak moved for a default judgment against Pi-Net. On February 20, 2017, the Superior Court held a hearing on various pending motions, including Pazuniak's motion for a default judgment. No counsel appeared for Pi-Net at the hearing, and the Court granted the motion for default judgment against Pi-Net. On February 23, 2017, the Superior Court entered an order effecting its ruling, "for all the reasons stated on the record at the February 20, 2017 omnibus hearing." Although Dr. Arunachalam purports to appeal from the February 23, 2017 order, that order did not grant Pazuniak any relief against Dr. Arunachalam, Pi-Net is not a party to this appeal, and Dr. Arunachalam may not proceed in this Court on behalf of Pi-Net.[1]

(5)     On February 2, 2018, the Superior Court held a hearing on various motions filed by the parties. Dr. Arunachalam did not appear at the hearing. For reasons stated on the record at the hearing—a transcript of which has not been

---

[1] *Evergreen Waste Servs. v. Unemployment Ins. Appeal Bd.*, 2011 WL 2601600 (Del. June 30, 2011).

provided to this Court, as discussed below—the Superior Court entered a declaratory judgment against Dr. Arunachalam and Pi-Net, awarding damages to Pazuniak; ruled in favor of Pazuniak and O'Kelly and against Dr. Arunachalam on all claims asserted by Dr. Arunachalam; and ordered Dr. Arunachalam to pay certain attorneys' fees and expenses to Pazuniak because of her bad faith conduct in the litigation. The Superior Court entered a written final judgment on March 29, 2018, and an amended final judgment on April 17, 2018, effecting its rulings. Dr. Arunachalam appeals from those judgments.

(6) The appeal is dismissed because Dr. Arunachalam has not provided transcripts that are necessary for this Court's consideration of her appeal. The record reflects that Dr. Arunachalam did not designate the transcript of the February 20, 2017 or February 2, 2018 hearings before the Superior Court, nor did she attach a copy of the hearing transcripts to her appeal papers. The rules of this Court require an appellant to provide to the Court "such portions of the [hearing] transcript as are necessary to give this Court a fair and accurate account of the context in which the claim of error occurred and must include a transcript of all evidence relevant to the challenged finding or conclusion."[2] Although the Court "affords *pro se* litigants a

---

[2] SUPR. CT. R. 14(e). *See also* SUPR. CT. R. 9(e)(ii) (providing that the appellant in a civil case "shall include in the notice of appeal (or in an attached exhibit) either a statement designating such parts of the proceedings as are deemed necessary to be transcribed for inclusion in the record, or a statement that no transcript need be ordered, with reasons given").

degree of leniency in filing documents on appeal,"[3] even an appellant who is *pro se* is required to provide transcripts that are necessary to review the appellant's claims of error.[4]

(7)    This Court is unable to consider Dr. Arunachalam's appeal without transcripts of the February 20, 2017 and February 2, 2018 hearings. Dr. Arunachalam challenges the Superior Court's amended final judgment dated April 17, 2018 and that Court's final judgment dated March 29, 2018. The Superior Court articulated in those judgments certain findings of fact and conclusions of law, while also referring to and incorporating—without repeating within the judgments— certain rulings made on the record at the February 2, 2018 hearing. The transcript of that hearing therefore is necessary to consideration of the appeal from the April 17, 2018 and March 29, 2018 judgments. Similarly, the Superior Court's order dated February 23, 2017 granted Pazuniak's motion for default judgment for "all the reasons stated on the record at the February 20, 2017, hearing," without reiterating those reasons within the written order. Without a transcript of that hearing, this Court can neither ascertain what rulings were made nor evaluate Dr. Arunachalam's challenges to them.[5]

---

[3] *Beck v. Delaware Attorney General*, 2018 WL 619708 (Del. Jan. 29, 2018).

[4] *Maddox v. Isaacs*, 2013 WL 4858989 (Del. Sept. 10, 2013).

[5] The Court notes that Dr. Arunachalam's failure to provide the transcripts is not merely an oversight by a *pro se* litigant. In her Notice of Appeal, Dr. Arunachalam asserts that the transcripts

(8) When an appellant fails to satisfy her burden to produce the necessary portions of the transcript of the proceedings below, the appeal is subject to dismissal.[6]

NOW, THEREFORE, IT IS ORDERED, pursuant to Supreme Court Rule 9, that the within appeal is DISMISSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

need not be ordered for several reasons that have nothing to do with transcripts or their necessity, making clear that she was aware of the rule. Notice of Appeal at 2. And in her reply brief, in response to the appellees' argument that the appeal should be dismissed for failure to provide the transcripts, Dr. Arunachalam contends only that she need not provide "bogus transcripts" of a "bogus 2/2/18 hearing." Reply Br. at 8-9. But an assertion that the Superior Court erred in a hearing does not obviate the need for the transcripts of the hearing—to the contrary, the transcripts would be integral to this Court's evaluation of the appellant's assertion of error.

[6] *Elohim v. St. Paul Fire & Marine Ins. Co.*, 2007 WL 773391 (Del. Mar. 15, 2007). *See also* SUPR. CT. R. 9(f).

6